UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIEN EDWARD SMITH, | No. 2:13-cv-1713 WBS AC PS |
| Plaintiff, | |
| v. | ORDER |
| LOWE'S HIW, INC., ET AL., | |
| Defendants. | |

Following removal of this action on August 20, 2013 from the Amador County Superior Court, defendant Lowe's HIW, Inc. ("Lowe's") filed a motion to dismiss and a motion to strike, both set for hearing on November 6, 2013. Rather than opposing these motions, plaintiff filed a motion to amend the complaint, also set for hearing on November 6, 2013.

Federal Rule of Civil Procedure 15(a) instructs district courts that "leave [to amend] shall be freely given when justice so requires." "In the absence of any apparent or declared reason— such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be freely given." Schultz v. Wal–Mart Stores, Inc., 68 Fed. Appx. 130, 132 (9th Cir. 2003) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962) (internal quotation marks omitted). "The Federal Rules reject the approach that pleading is a game of skill in which one

1

1 misstep by counsel may be decisive to the outcome and accept the principle that the purpose of
2 pleading is to facilitate a proper decision on the merits." Id. (citation and internal quotation
3 marks omitted).  "The strong policy permitting amendment is to be applied with 'extreme
4 liberality.'" Id. (quoting Eminence Capital, L.L.C. v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir.
5 2003) (citation omitted in original).  In accordance with this liberal policy and in the absence of
6 impropriety, the court will grant plaintiff's motion.

   Accordingly, IT IS HEREBY ORDERED that:

   1. Plaintiff's motion to amend the complaint (ECF No. 12) is granted;
   2. Defendant's motion to dismiss (ECF No. 6) and motion to strike (ECF No. 10) are denied as moot; and
   3. The hearings on these motions, currently set for November 6, 2013, are vacated from calendar.

DATED: November 1, 2013

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE