1

2

3

4

5

6

7

8                         UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   BRIEN EDWARD SMITH,                    No.  2:13-cv-1713 WBS AC PS

12                  Plaintiff,

13         v.                               FINDINGS & RECOMMENDATIONS

14   LOWE'S HIW, INC.,

15                  Defendant.

16

17         On April 9, 2014, the court held a hearing on defendant's January 30, 2014 motion to

18   dismiss and motion to strike.  Plaintiff Brien Edward Smith appeared in pro per.  Y. Anna Suh

19   appeared for defendant.  On review of the motions, the documents filed in support and opposition,

20   upon hearing the arguments of plaintiff and counsel, and good cause appearing therefor, THE

21   COURT FINDS AS FOLLOWS:

22                    RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

23   A.    Factual Allegations

24         Plaintiff is a former Loss Prevention Manager for defendant Lowe's in Jackson,

25   California, located in Amador County.  ECF No. 15, First Am. Compl. ("FAC") ¶¶ 2-3.  On April

26   6, 2012, plaintiff was terminated from his job.  Id. ¶ 12.

27         Following his termination, plaintiff filed a wage claim with the California State Labor

28   Commissioner's office ("the administrative action").  FAC ¶ 7.  In the context of the

administrative action, defendant submitted a July 27, 2012 response to plaintiff's complaint, stating "He [Plaintiff] was documented for his failure to work his schedule and was eventually terminated on April 6, 2012 for violation of Lowe's attendance policy and for dishonesty" ("the allegedly defamatory statement"). Id. ¶ 11.

Defendant repeated the allegedly defamatory statement on October 22, 2012 in the context of plaintiff's state court appeal ("the state court action") of the Labor Commissioner's order. FAC ¶ 11.

On May 13, 2013, plaintiff received for the first time a copy of his Personnel File from Lowe's. FAC ¶ 12. There, plaintiff noticed an Employee Performance Report dated April 2, 2012, which included the allegedly defamatory statement. Specifically, the report noted that plaintiff had been "documented for his failure to work his schedule and was eventually terminated . . . for violation of Lowe's attendance policy and for dishonesty." See id. This notation was based on a comment made by an unidentified management team member between March 27, 2012 and April 2, 2012, accusing plaintiff of dishonesty. Id. ¶ 14. On April 5, 2012, the allegedly defamatory statement was repeated in a Personnel Termination Form. Id. ¶ 13.

Plaintiff, who asserts that the allegedly defamatory statement is independently actionable each time it is repeated, brings suit for defamation based on the following five occasions:

1.    The late-March or early-April 2012 statement made by an unidentified member of Lowe's management team regarding plaintiff's dishonesty;

2.    The April 2, 2012 Employee Performance Report;

3.    The April 5, 2012 Personnel Termination Form;

4.    The July 27, 2012 allegedly defamatory statement submitted in the context of the administrative action; and

5.    The October 22, 2012 allegedly defamatory statement submitted in the context of the state court action.

Plaintiff claims that the statements were false, were published to someone other than plaintiff, were motivated by malice or ill will toward plaintiff, and have caused injury to plaintiff.

////

2

1  B.    Procedural Background

2        Plaintiff initiated this action on July 1, 2013 in the Amador County Superior Court.  See

3  Notice of Removal ("NOR") Ex. A.  On August 20, 2013, defendant removed the case pursuant

4  to 28 U.S.C. § 1332(a), as it is a resident of Washington State, plaintiff is a resident of California,

5  and plaintiff seeks $1,000,000.00 in damages.

6        On August 27, 2013, defendant filed a motion to dismiss the original complaint.  ECF

7  Nos. 6, 8.  Then, on September 24, 2013, defendant filed a motion to strike.  ECF No. 10.

8  Thereafter, plaintiff filed a motion to amend the complaint, which the undersigned granted,

9  accordingly denying as moot defendant's motion to dismiss and motion to strike.

10        This matter is now proceeding on a first amended complaint filed January 16, 2014,

11  bringing claims for defamation and negligent infliction of emotion distress ("NIED").  ECF No.

12  15.  Defendant again moves to both dismiss and strike the pleading.  ECF Nos. 18-19.  Plaintiff

13  opposes both motions.

14                          LEGAL STANDARDS

15        The purpose of a motion to dismiss pursuant to this rule is to test the legal sufficiency of

16  the complaint.  N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983).

17  "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts

18  alleged under a cognizable legal theory."  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699

19  (9th Cir. 1990).  A plaintiff is required to allege "enough facts to state a claim to relief that is

20  plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Thus, a

21  defendant's Rule 12(b)(6) motion challenges the court's ability to grant any relief on the

22  plaintiff's claims, even if the plaintiff's allegations are true.

23        In determining whether a complaint states a claim on which relief may be granted, the

24  court accepts as true the allegations in the complaint and construes the allegations in the light

25  most favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v.

26  United States, 915 F.2d 1242, 1245 (9th Cir. 1989).

27        The court may consider facts established by exhibits attached to the complaint.  Durning

28  v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987).  The court may also consider facts

3

1    which may be judicially noticed, Mullis v. United States Bankruptcy Ct., 828 F.2d 1385, 1388

2    (9th Cir. 1987), and matters of public record, including pleadings, orders, and other papers filed

3    with the court, Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir. 1986).  The

4    court need not accept legal conclusions "cast in the form of factual allegations."  Western Mining

5    Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

6                                   DISCUSSION

7    A.      Motion to Dismiss

8            1.      Defamation

9                    a.      Statements Made in "Judicial Proceeding" or "Other Official Proceeding"

10           Defendant argues first that any communications made during the course of the

11   administrative action and the state court action are absolutely privileged pursuant to California

12   Civil Code § 47(b).

13           Section 47(b) provides that communications made in any "judicial proceeding" or "any

14   other official proceeding" are privileged such that they cannot give rise to tort liability.  Cal. Civ.

15   Code § 47(b).  "The section provides an absolute privilege for a publication filed in a judicial

16   proceeding."  Alpha & Omega Dev., LP v. Whillock Contracting, Inc., 200 Cal. App. 4th 656,

17   664 (2011).  "Although originally enacted with reference to defamation actions alone, the

18   privilege has been extended to *any* communication, whether or not it is a publication, and to *all*

19   torts other than malicious prosecution."  Edwards v. Centex Real Estate Corp., 53 Cal. App. 4th

20   15, 29 (1997) (emphasis in original).  Section 47(b) does not function like an evidentiary privilege

21   to the extent that it does not bar the introduction of evidence, but instead acts as a bar on liability

22   for privileged statements.  Oren Royal Oaks Venture v. Greenberg, Bernhard, Weiss & Karma,

23   Inc., 42 Cal. 3d 1157, 1168 (1986).

24           Plaintiff counters that the allegedly defamatory statements were not made during the

25   course of judicial or other official proceedings, but were instead made during the course of an

26   administrative *hearing*.  Plaintiff relies on 18 U.S.C. § 1515 to argue that an administrative

27   proceeding before an administrative law judge is neither a judicial proceeding nor an official

28   proceeding.  Section 1515 defines certain terms, including "official proceeding," for that portion

                                              4

1   of the U.S. Code concerning "Obstruction of Justice" crimes.  This federal criminal statute has no

2   bearing on application of California Civil Code § 47(b).  The state statute unequivocally applies

3   by its own terms to publications or broadcasts made "[i]n any (1) legislative proceeding, (2)

4   judicial proceeding, (3) in any other official proceeding authorized by law, or (4) in the initiation

5   or course of any other proceeding authorized by law . . . ."  Here, the state court action is plainly a

6   "judicial proceeding" covered by Section 47(b).  The underlying state administrative action, as a

7   quasi-judicial proceeding authorized by California law, also falls squarely within the purview of

8   Section 47(b).

9          Plaintiff argues further that Section 47(b) applies only to protect attorneys who make

10  allegedly defamatory statements.  This proposition is both unsupported and contrary to legal

11  authority.  See, e.g., Rest. 2d Torts, §587 ("A party to a private litigation . . . is absolutely

12  privileged to publish defamatory matter concerning another in communications preliminary to a

13  proposed judicial proceeding, or in the institution of or during the course and as a part of, a

14  judicial proceeding in which he participates, if the matter has some relation to the proceeding.");

15  Mezzetti v. State Farm Mut. Auto. Ins. Co., 346 F. Supp. 2d 1058, 1065-66 (N.D. Cal. 2004)

16  (recognizing that this privilege applies to statements made by litigants in judicial proceedings, but

17  ultimately concluding that defendant's statement was not privileged); Costa v. Superior Court,

18  157 Cal. App. 3d 673, 677 (1984) ("The absolute immunity attaches if all of the following

19  conditions have been met: the publication (1) was made in a judicial proceeding; (2) had some

20  connection or logical relation to the action; (3) was made to achieve the objectives of the

21  litigation; and (4) involved *litigants* or other participants authorized by law.") (internal citations

22  and quotations omitted) (emphasis added).

23         Accordingly, defendant's motion to dismiss should be granted without leave to amend as

24  to the July 27, 2012 allegedly defamatory statement submitted in the context of the administrative

25  action, and the October 22, 2012 allegedly defamatory statement submitted in the context of the

26  state court action.[1]

27

28  _____

[1] In his opposition, plaintiff states that the Section 47(b) may be found to apply to the allegedly
(continued…)

5

1         b.  Statements Included in Personnel File

2       As to the three allegedly defamatory statements included in plaintiff's personnel file,

3    defendant argues that plaintiff has not adequately alleged publication and that these statements are

4    protected by the "common interest" privilege pursuant to California Civil Code §47(c).

5         i.  Publication

6       As to publication, defendant asserts that plaintiff fails to allege publication with sufficient

7    specificity to make his defamation claim plausible.

8       "Defamation is an invasion of the interest in reputation.  The tort involves the intentional

9    publication of a statement of fact which is false, unprivileged, and has a natural tendency to injure

10   or which causes special damage."  Ringler Assoc., Inc. v. Maryland Cas. Co., 80 Cal. App. 4th

11   1165, 1179 (2000).  "Publication, which may be written or oral, is defined as a communication to

12   some third person who understands both the defamatory meaning of the statement and its

13   application to the person to whom reference is made."  Id.; see also Restatement (2d) Torts, §

14   577.  Publication to a single individual is sufficient to satisfy the publication element of a

15   defamation claim.  Ringler Assoc., Inc., 80 Cal. App. 4th at 1179.  In all cases of alleged

16   defamation the truth of the offensive statements or communication is a complete defense against

17   civil liability, regardless of bad faith or malicious purpose.  Id. at 1180.

18      In the amended pleading, plaintiff asserts that the allegedly defamatory statements were

19   included in his personnel file, and courts have held that statements included in a personnel file

20   can be deemed libelous if an employer falsely accuses an employee of criminal conduct, lack of

21   integrity, dishonesty, incompetence, or reprehensible personal characteristics or behavior.  See

22   Johnson v. Hewlett-Packard Co., 14 Cal. App. 4th 958, 965 (1993).  But defendant is correct that

23   plaintiff has not adequately alleged who, other than plaintiff, was made aware of these statements.

24   _____

25   defamatory statement made in the April 5, 2012 Personnel Termination Form and the statement
     made by an unknown member of defendant's management team allegedly dishonesty by plaintiff.
26   See Opp'n MTD at 3.  Since neither of these statements was made in the context of a judicial
     proceeding or other type of official proceeding, Section 47(b) is simply inapplicable and cannot
27   be a basis for dismissal.

28

1   Instead, plaintiff alleges only that he "is informed and believes [that] the defamatory statements

2   . . . were published to someone other than the Plaintiff . . . ."  FAC ¶ 15.  This is insufficient, and

3   the first amended complaint must be dismissed.  Leave to amend should be granted, however, in

4   light of plaintiff's claim in his opposition that "multiple members of Defendant's management

5   were exposed to" the allegedly defamatory statements.  See Opp'n MTD at 2.

6                               ii.        The Common Interest Privilege

7          Assuming the court found an adequate allegation of publication, defendant further argues

8   that the statements included in his personnel file are protected by a "common interest" privilege

9   pursuant to California Civil Code § 47(c).

10         Generally, because an employer and its employees have a common interest in protecting

11  the workplace from abuse, an employer's statements to employees regarding the reasons for

12  termination of another employee generally are privileged.  King v. United Parcel Service, Inc.,

13  152 Cal. App. 4th 426, 440 (2007); Deaile v. General Tel. Co. of Cal., 40 Cal. App. 3d 841, 846

14  (1974).  In order for this qualified privilege to apply, the communicator and the recipient must

15  have a common interest, the communication must be made without malice, and the statements

16  must be reasonably calculated to protect or further that common interest.  Cal. Civ. Code § 47(c);

17  Taus v. Loftus, 40 Cal. 4th 683, 720-21 (2007).  In order to prevent application of the qualified

18  privilege, malice may be alleged by pleading that the publication was motivated by hatred or ill

19  will toward the plaintiff.  See Sanhorn v. Chronicle Pub. Co., 18 Cal.3d 406, 413-14 (1976).

20         Plaintiff argues that the common interest privilege does not apply because defendant's

21  conduct was motivated by malice based on plaintiff's filing of a wage claim and his prior

22  participation in a class action.  At the hearing on the instant motion, plaintiff clarified that the

23  wage claim he discusses in this context is different from and filed before the wage claim

24  discussed in the complaint.  While the court finds that both of these incidents might potentially

25  support a plausible inference of malice, plaintiff must assert more than conclusory allegations.

26  Upon amendment, plaintiff must allege specific facts establishing malice, including knowledge of

27  his prior wage claim and class action on the part of those individuals who made the allegedly

28  defamatory statements, and the nexus between that knowledge and their actions.

1          2.       Negligent Infliction of Emotional Distress

2          Defendant next seeks dismissal of plaintiff's NIED claim on four grounds: (1) plaintiff

3   does not allege sufficient facts to state a claim, (2) the NIED claim cannot be based on the same

4   conduct as defamation claims, (3) the NIED claim is preempted by the Worker's Compensation

5   Act, and (4) the NIED claim is premised on privileged conduct.  Plaintiff has not opposed

6   defendant's motion as to the NIED claim.  For the reasons set forth here, the undersigned finds

7   that the Workers' Compensation Act preempts plaintiff's NIED claim, and accordingly declines

8   to consider defendant's alternative arguments for dismissal of this claim.

9          Generally, in California, injuries sustained by employees in the course of employment are

10  governed by the workers' compensation law.  See Cal. Lab. Code, § 3600 et seq.  Such injuries

11  are preempted by the exclusivity provisions of that law and are not compensable in a civil action.

12  Id. § 3602.  Preemption under the workers' compensation law includes claims for intentional or

13  negligent infliction of emotional distress based on actions that are a normal part of the

14  employment relationship, such as demotions, promotions, criticism of work practices, and

15  frictions in negotiations as to grievances.  See Cole v. Fair Oaks Fire Protection Dist., 43 Cal. 3d

16  148, 159-60 (1987); see also Miklosy v. Regents of the Univ. of Cal., 44 Cal. 4th 876, 902-03

17  (2008).

18         Some California courts have held that claims of intentional and negligent infliction of

19  emotional distress that are based on an employer's conduct that contravenes fundamental public

20  policy or exceeds the risks inherent in the employment relationship are not subject to workers'

21  compensation law preemption.  See Livitsanos v. Superior Court, 2 Cal. 4th 744, 754 (1992);

22  Cabesuela v. Browning–Ferris Indus. of Calif., Inc., 68 Cal. App. 4th 101, 112-13 (1998).  The

23  California Supreme Court, though, has subsequently clarified that where the alleged unlawful

24  conduct occurs at the worksite in the normal course of an employer-employee relationship,

25  worker's compensation is the exclusive remedy for any injury that results; and that the exception

26  for conduct that "contravenes fundamental public policy" simply means that a wrongful

27  termination claim is not preempted by the worker's compensation exclusive remedy rule (but the

28  intentional infliction of emotional distress claim is).  Miklosy, 44 Cal. 4th at 902-03.

8

1    In this case, plaintiff's NIED claim arises out of conduct that criticizes his work

2  performance.  As criticism of an employee's work performance is a normal part of a working

3  relationship and because plaintiff has failed to allege any facts which can be characterized as

4  violations of fundamental public policy, the court finds that plaintiff's NIED claim is preempted

5  by the Workers' Compensation Act and must be dismissed without leave to amend.

6    B.    Anti-SLAPP Motion to Strike

7    Defendant also moves to strike plaintiff's claims to the extent they are based on the

8  allegedly defamatory statements made in the context of the administrative action and the state

9  court action.

10    The anti-SLAPP statute was passed in response to concern over an increase in meritless

11  lawsuits brought against private individuals to gain economic advantage and to deter them from

12  exercising their political and legal rights.  Wilcox v. Superior Court, 27 Cal. App. 4th 809, 816

13  (1994).  The anti-SLAPP statute permits a special motion to strike such claims; it provides:

> A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim.

18  Cal. Civ. Proc. Code § 425.16(b)(1).

19    When a motion filed pursuant to Federal Rule of Civil Procedure 12(b)(6) is granted and

20  certain claims are dismissed, a motion to strike may be rendered moot.  This is because, as the

21  Ninth Circuit has noted, "the purpose of the anti-SLAPP statute [is] the early dismissal of

22  meritless claims . . . ."  Verizon Delaware, Inc. v. Covad Comm. Co., 377 F.3d 1081, 1091 (9th

23  Cir. 2004).  Verizon Delaware has been interpreted to "suggest that a federal court should hesitate

24  to hear and decide an anti-SLAPP motion to strike prior to affording a plaintiff an opportunity to

25  amend."  Flores v. Emerich & Fike, 1:05-cv-0291 OWW DLB, 2006 WL 2536615, at *10 (E.D.

26  Cal. Aug. 31, 2006); Thornbrough v. Western Placer Unified School District, et al., 2:09-cv-2613

27  GEB GGH, 2009 WL 5218039, at *7 (E.D. Cal. Dec. 29, 2009).  Where a state law claim has

28  been dismissed without leave to amend, courts have also held that an anti-SLAPP motion to strike

1   is moot since "[n]o claims remain to be stricken." Phillips v. KIRO-TV, Inc., 817 F. Supp. 2d

2   1317, 1328 (W.D. Wash. 2011).  See also Lara v. Aurora Loan Services LLC, 2013 WL 1628955,

3   at *9 (S.D. Cal. 2013); Ennix v. Stanten, 2007 WL 2462119, at *9 (N.D. Cal. 2007).

4          Here, in light of the recommendation that defendant's motion to dismiss be granted and

5   plaintiff's claims directed to the allegedly defamatory statements made in the administrative

6   action and the state court action be dismissed with prejudice, the court will also recommend that

7   the motion to strike be denied as moot.

8                                        CONCLUSION

9          Based on the foregoing, IT IS HEREBY RECOMMENDED that:

10     1.   Defendant's January 30, 2014 motion to dismiss (ECF No. 18) be granted;

11     2.   Defendant's January 30, 2014 motion to strike (ECF No. 19) be denied as moot;

12     3.   Plaintiff be granted leave to amend his complaint to assert defamation claims based

13          exclusively on the allegedly defamatory statements included in his personnel file.

14         These findings and recommendations are submitted to the United States District Judge

15  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

16  after being served with these findings and recommendations, any party may file written

17  objections with the court and serve a copy on all parties.  Such a document should be captioned

18  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

19  shall be served and filed within fourteen days after service of the objections.  The parties are

20  advised that failure to file objections within the specified time may waive the right to appeal the

21  District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

22  DATED: April 11, 2014

23

24  _____
    ALLISON CLAIRE
    UNITED STATES MAGISTRATE JUDGE

25

26

27

28

                                           10