1
2
3
4
5
6
7
8                       UNITED STATES DISTRICT COURT
9                  FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11   BRIEN EDWARD SMITH,                    No.  2:13-cv-01713-WBS-AC
12                 Plaintiff,
13        v.                                ORDER AND FINDINGS &
                                            RECOMMENDATIONS
14   LOWE'S HIW, INC.,
15                 Defendant.
16

17        On September 10, 2014, the court held a hearing on defendant's June 16, 2014, motion to

18   dismiss.  Plaintiff Brien Edward Smith appeared in pro per.  Y. Anna Suh appeared for defendant.

19   On review of the motions, the documents filed in support and opposition, upon hearing the

20   arguments of plaintiff and counsel, and good cause appearing therefor, THE COURT FINDS AS

21   FOLLOWS:

22                   RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

23        A.       Factual Allegations

24        A detailed outline of plaintiff's factual allegations can be found in the court's April 14,

25   2014 findings and recommendations.  ECF No. 29.  In sum, plaintiff brings suit for defamation

26   based on statements made in three contexts:

27        1.       The late-March or early-April 2012 statement by Mr. Vipond to members of

28   defendant's management team;

                                              1

2.      The April 2, 2012, Employee Performance Report; and

3.      The April 5, 2012, Personnel Termination Form.

Plaintiff claims that the statements were false, were published to someone other than plaintiff, were motivated by malice or ill will toward plaintiff, and have caused injury to plaintiff.

B.      Procedural Background

Plaintiff initiated this action on July 1, 2013, in the Amador County Superior Court.  See ECF No. 1-1 at Ex. A.  On August 20, 2013, defendant removed the case pursuant to 28 U.S.C. § 1332(a), as it is a citizen of North Carolina, plaintiff is a citizen of California, and plaintiff seeks $1,000,000.00 in damages.  ECF No. 1-1.

On August 27, 2013, defendant filed a motion to dismiss the original complaint.  ECF No. 6.  Then, on September 24, 2013, defendant filed a motion to strike.  ECF No. 10.  Thereafter, plaintiff filed a motion to amend the complaint, which the undersigned granted, thereby denying as moot defendant's motion to dismiss and motion to strike.  ECF No. 13.

On January 16, 2014, plaintiff filed his first amended complaint, which included claims for defamation and negligent infliction of emotional distress (NIED).  ECF No. 15.  Defendant again moved to both dismiss and strike the pleading.  ECF Nos. 18–19.  On April 14, 2014, the court recommended that defendant's motion to dismiss plaintiff's defamation claim be granted with leave to amend because plaintiff had failed to allege sufficient facts to establish publication and malice.  ECF No. 29.  The court also recommended that plaintiff's NIED claim be dismissed without leave to amend because the claim was preempted by the Workers' Compensation Act.  Id. The court's recommendations were adopted in full by the district judge on May 13, 2014.  ECF No. 33.

On June 2, 2014, plaintiff filed a second amended complaint again asserting claims for defamation and NIED.  ECF No. 34.  On June 16, 2014, defendant filed a motion to dismiss plaintiff's complaint.  ECF No. 35.  On August 25, 2014, plaintiff filed his response, which was followed by defendant's reply on September 3, 2014.  ECF Nos. 37, 38.

LEGAL STANDARDS

The purpose of a motion to dismiss pursuant to this rule is to test the legal sufficiency of

2

1  the complaint.  N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983).

2  "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts

3  alleged under a cognizable legal theory."  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699

4  (9th Cir. 1990).  A plaintiff is required to allege "enough facts to state a claim to relief that is

5  plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Thus, a

6  defendant's Rule 12(b)(6) motion challenges the court's ability to grant any relief on the

7  plaintiff's claims, even if the plaintiff's allegations are true.

8      In determining whether a complaint states a claim on which relief may be granted, the

9  court accepts as true the allegations in the complaint and construes the allegations in the light

10  most favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v.

11  United States, 915 F.2d 1242, 1245 (9th Cir. 1989).

12      The court may consider facts established by exhibits attached to the complaint.  Durning

13  v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987).  The court may also consider facts

14  which may be judicially noticed, Mullis v. United States Bankruptcy Ct., 828 F.2d 1385, 1388

15  (9th Cir. 1987), and matters of public record, including pleadings, orders, and other papers filed

16  with the court, Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir. 1986).  The

17  court need not accept legal conclusions "cast in the form of factual allegations."  Western Mining

18  Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

19                              DISCUSSION

20  A.     Defamation

21         1.     Publication

22      As to publication, defendant asserts that plaintiff fails to allege publication with sufficient

23  specificity to make his defamation claim plausible.

24      "Defamation is an invasion of the interest in reputation.  The tort involves the intentional

25  publication of a statement of fact which is false, unprivileged, and has a natural tendency to injure

26  or which causes special damage."  Ringler Assoc., Inc. v. Maryland Cas. Co., 80 Cal. App. 4th

27  1165, 1179 (2000).  "Publication, which may be written or oral, is defined as a communication to

28  some third person who understands both the defamatory meaning of the statement and its

3

1  application to the person to whom reference is made."  Id.; see also Restatement (2d) Torts, §

2  577.  Publication to a single individual is sufficient to satisfy the publication element of a

3  defamation claim. Ringler Assoc., Inc., 80 Cal. App. 4th at 1179.  In all cases of alleged

4  defamation the truth of the offensive statements or communication is a complete defense against

5  civil liability, regardless of bad faith or malicious purpose.  Id. at 1180.

6          In his second amended complaint, plaintiff asserts that the allegedly defamatory

7  statements were made on three separate occasions: (1) by Mr. Vipond to members of defendant's

8  management team between March 27, 2012, and April 2, 2012; (2) in plaintiff's April 2, 2012,

9  Employee Performance Report; and (3) in plaintiff's April 5, 2012, Personnel Termination Form.

10  ECF No. 34 ¶¶ 10–12.  According to plaintiff, the members of the management team to whom

11  Mr. Vipond published the defamatory statements included some or all of the following:

12  Operations Manager Brian Lajoie, Human Resources Manager Karen Briggs, Loss Prevention

13  Manager Ralph Dominguez, and Regional Director Ed Burris.  Id. ¶ 10.  Defendant argues that

14  these allegations are "vague and conclusory," and accordingly do not give rise to a plausible

15  inference of publication.  ECF No. 37 at 8–10.  However, all of the cases cited by defendant in

16  support of his argument are factually dissimilar and distinguishable from a workplace defamation

17  claim.  See Solis v. City of Fresno, 1:11-CV-00053 AWI, 2012 WL 868681 (E.D. Cal. Mar. 13,

18  2012) (equal protection, California's Fair Employment and Housing Act, and conspiracy);  Lantiq

19  N. Am., Inc. v. Ralink Tech. Corp., CV 11-00234 EJD, 2011 WL 2600747 (N.D. Cal. June 30,

20  2011) (patent infringement).  Further, plaintiff has not, as defendant claims, merely alleged facts

21  "on information and belief."  ECF No. 35 at 6–7.

22          It bears repeating that in adjudicating a Rule 12(b)(6) motion courts must accept as true

23  the allegations in the complaint and construe the allegations in the light most favorable to the

24  plaintiff.  Hishon, 467 U.S. at 73.  As long as the plaintiff alleges "enough facts to state a claim to

25  relief that is plausible on its face" the court must deny the motion to dismiss.  Bell Atl. Corp., 550

26  U.S. at 555.  The court finds plaintiff's allegation that Mr. Vipond made the untrue statements to

27  members of the management team including, but not limited to, Operations Manager Brian

28  Lajoie, Human Resources Manager Karen Briggs, Loss Prevention Manager Ralph Dominguez,

1    and Regional Director Ed Burris to be plausible.  Accordingly, plaintiff has alleged facts

2    sufficient to meet his burden at the motion to dismiss stage of establishing publication of Mr.

3    Vipond's statements.

4         Plaintiff also asserts that the allegedly defamatory statements in his April 2, 2012,

5    Employee Performance Report and April 5, 2012, Personnel Termination Form were published

6    when they were included in his personnel file.  According to plaintiff, courts have held that

7    statements included in a personnel file are published if an employer falsely accuses an employee

8    of criminal conduct, lack of integrity, dishonesty, incompetence, or reprehensible personal

9    characteristics or behavior.  ECF No. 34 ¶ 7.  In every case plaintiff cites for this proposition

10   however, the allegedly defamatory statements were published to someone other than the person

11   defamed or the court did not have to reach the issue of publication because the claim failed for

12   other reasons.  Agarwal v. Johnson, 25 Cal. 3d 932, 942–44 (1979), overruled on other grounds

13   by White v. Ultramar, Inc., 21 Cal. 4th 563, 574 n.4 (1999); Washer v. Bank of America, 21 Cal.

14   2d 822, 825 (1943); Jensen v. Hewlett Packard Co., 14 Cal. App. 4th 958, 970 (1993); Kelly v.

15   General Telephone Co., 136 Cal. App. 3d 278, 284 (1982).  In fact, publication requires that the

16   defamatory statement, whether oral or in writing, be communicated "to a third person."  Shively

17   v. Bozanich, 31 Cal. 4th 1230, 1242 (2003).

18        At the court's January 10, 2014, hearing, plaintiff stated that defendant shared his April 2,

19   2012, Employee Performance Report and April 5, 2012, Personnel Termination Form with third

20   parties.  If plaintiff has reason to believe that his personnel file documents were shown to others,

21   he must specifically allege facts supporting his belief in his complaint.  Because such allegations

22   are absent from the second amended complaint, the motion to dismiss should be granted as to the

23   alleged defamatory statements in the Employee Performance Report and Personnel Termination

24   Form.  Because plaintiff has represented that facts exist which would cure the deficiency,

25   however, a final opportunity to amend will be recommended.

26        2.    The Common Interest Privilege

27        Defendant also argues that the statements included in his personnel file and made by Mr.

28   Vipond are protected by a "common interest" privilege pursuant to California Civil Code § 47(c).

5

Generally, because an employer and its employees have a common interest in protecting the workplace from abuse, an employer's statements to employees regarding the reasons for termination of another employee generally are privileged.  <u>King v. United Parcel Service, Inc.</u>, 152 Cal. App. 4th 426, 440 (2007); <u>Deaile v. General Tel. Co. of Cal.</u>, 40 Cal. App. 3d 841, 846 (1974).  In order for this qualified privilege to apply, the communicator and the recipient must have a common interest, the communication must be made without malice, and the statements must be reasonably calculated to protect or further that common interest.  Cal. Civ. Code § 47(c); <u>Taus v. Loftus</u>, 40 Cal. 4th 683, 720–21 (2007).  In order to prevent application of the qualified privilege, malice may be alleged by pleading that the publication was motivated by hatred or ill will toward the plaintiff.  <u>See</u> <u>Sanhorn v. Chronicle Pub. Co.</u>, 18 Cal. 3d 406, 413–14 (1976).

Plaintiff argues that the common interest privilege does not apply because defendant's conduct was motivated by malice based on plaintiff's filing of a wage claim and his prior participation in a class action.  The court already noted in its April 14, 2014, findings and recommendations that while this allegation could support a plausible inference of malice, plaintiff must assert more than these conclusory allegations.  He must assert, for example, that defendant, and specifically those who made the allegedly defamatory statements, knew of this participation.  Because plaintiff has failed to allege any new facts in his second amended complaint that would support a plausible claim of malice, the court finds that the common interest privilege bars his defamation claim.

3.    <u>Leave to Amend</u>

Defendant argues that plaintiff's defamation claims should be dismissed without leave to amend because further opportunities to amend at this point would be futile.  ECF No. 35 at 13–14.  Leave to amend should "be freely granted, when justice so requires," bearing in mind "the underlying purpose of Rule 15 . . . [is] to facilitate decision on the merits, rather than on the pleadings or technicalities."  <u>Lopez v. Smith</u>, 203 F.3d 1122, 1127 (9th Cir. 2000) (citations omitted).  Dismissal without leave to amend is only proper in situations where "'the pleading could not possibly be cured by the allegation of other facts.'"  <u>Id.</u> (quoting <u>Doe v. United States</u>, 58 F.3d 494, 497 (9th Cir. 1995)).  Further, plaintiff is proceeding pro se, and therefore his

complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted).

At the court's September 10, 2014, hearing, plaintiff assured the court that he is aware of specific facts demonstrating that Mr. Vipond published the allegedly defamatory statements in retaliation for plaintiff's lawsuit against defendant.  In light of plaintiff's representation, the court is not convinced that he cannot possibly cure his complaint by alleging additional facts. Accordingly, the court recommends that plaintiff be afforded a final opportunity to amend.

B.    Negligent Infliction of Emotional Distress

Defendant also moves to dismiss plaintiff's NIED claim based on the fact that the district court judge dismissed it without leave to amend in his May 13, 2014, order.  A party can only vacate a final order with a motion for relief from judgment granted by the court. Fed. R. Civ. P. Rule 60.  Plaintiff has neglected to file such a motion, and has instead simply repeated his NIED argument from his first amended complaint.  ECF No. 15 ¶ 8; ECF No. 34 ¶ 8.  Accordingly, the court orders that plaintiff's NIED claim be stricken from the second amended complaint because it was already subject to a final judgment.  Plaintiff is cautioned that if the district judge adopts the recommendation for leave to amend, he should omit the NEID claim from a third amended complaint.

CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's NIED claim is stricken from his complaint.

IT IS FURTHER RECOMMENDED that:

1.  Defendant's June 16, 2014, motion to dismiss (ECF No. 35) be granted; and

2.  Plaintiff be granted leave to amend his complaint to assert defamation claims based on the allegedly defamatory statements included in his personnel file and Mr. Vipond's statements to defendant's management team.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written

7

objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 11, 2014

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE