UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIEN EDWARD SMITH,<br><br>Plaintiff,<br><br>v.<br><br>LOWE'S HIW, INC.,<br><br>Defendant. | No. 2:13-cv-01713-WBS-AC<br><br><br><br>FINDINGS & RECOMMENDATIONS |

Plaintiff is proceeding in this action in pro per.  On August 20, 2013, plaintiff filed a notice of removal of his case against defendant Lowe's HIW, Inc.  ECF No. 1.  On August 27, 2013, defendant filed a motion to dismiss, ECF No. 6, followed by a motion to strike on September 24, 2013, ECF No. 10.  On October 28, 2013, plaintiff filed a motion to amend his complaint.  ECF No. 12.  The court granted plaintiff's motion on November 4, 2013, and dismissed defendant's motion to dismiss and motion to strike as moot accordingly.  ECF No. 13.  On January 16, 2014, plaintiff filed a first amended complaint ("FAC"), ECF No. 15, which defendant moved to dismiss on January 30, 2014, ECF No. 18.  On May 13, 2014, the court dismissed plaintiff's FAC with leave to amend.  ECF No. 33.  Plaintiff filed his second amended complaint ("SAC") on June 2, 2014, ECF No. 34, which defendant moved to dismiss on June 16, 2014, ECF No. 35.

On September 11, 2014, the undersigned struck plaintiff's negligent infliction of

1

1    emotional distress claim from his SAC and recommended that his remaining claims be dismissed
2    with leave to amend.  ECF No. 40.  The court adopted the undersigned's recommendations in full
3    on October 24, 2014.  ECF No. 42.  On October 27, 2014, the court ordered plaintiff to file a third
4    amended complaint ("TAC") by November 26, 2014.  ECF No. 43. On December 4, 2014, the
5    court ordered plaintiff to show cause within fourteen (14) days why he failed to timely file an
6    amended complaint to avoid having his claims dismissed pursuant to Federal Rule of Civil
7    Procedure 41(b) for failure to prosecute.  ECF No. 44.  Plaintiff has yet to respond to the court's
8    order to show cause.

9         Pursuant to Federal Rule of Civil Procedure 41(b), a district court may dismiss an action
10   for failure to prosecute, failure to comply with the Federal Rules of Civil Procedure, failure to
11   comply with the court's local rules, or failure to comply with the court's orders.  See, e.g.,
12   Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act sua sponte
13   to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest
14   Serv., 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that courts may dismiss an action pursuant
15   to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply
16   with the rules of civil procedure or the court's orders); Ferdik v. Bonzelet, 963 F.2d 1258, 1260
17   (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss
18   an action for failure to comply with any order of the court."); Pagtalunan v. Galaza, 291 F.3d 639,
19   642–43 (9th Cir. 2002) (affirming district court's dismissal of case for failure to prosecute when
20   habeas petitioner failed to file a first amended petition).  This court's Local Rules are in accord.
21   See E.D. Local Rule 110 ("Failure of counsel or of a party to comply with these Rules or with any
22   order of the Court may be grounds for imposition by the Court of any and all sanctions authorized
23   by statute or Rule or within the inherent power of the Court."); E.D. Local Rule 183(a) (providing
24   that a pro se party's failure to comply with the Federal Rules of Civil Procedure, the court's Local
25   Rules, and other applicable law may support, among other things, dismissal of that party's
26   action).

27         A court must weigh five factors in determining whether to dismiss a case for failure to
28   prosecute, failure to comply with a court order, or failure to comply with a district court's local

rules. See, e.g., Ferdik, 963 F.2d at 1260. Specifically, the court must consider:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.

Id. at 1260–61; accord Pagtalunan, 291 F.3d at 642-43; Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995), cert. denied, 516 U.S. 838 (1995). The Ninth Circuit Court of Appeals has stated that "[t]hese factors are not a series of conditions precedent before the judge can do anything, but a way for a district judge to think about what to do." In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006).

Although involuntary dismissal can be a harsh remedy, on balance the five relevant factors weigh in favor of dismissal of this action. The first two factors strongly support dismissal of this action. Plaintiff's failure to file a TAC and to respond to this court's order strongly suggests that he has abandoned this action or is not interested in seriously prosecuting it. See, e.g., Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal."). Any further time spent by the court on this case, which plaintiff has demonstrated a lack of any serious intention to pursue, will consume scarce judicial resources and take away from other active cases. See Ferdik, 963 F.2d at 1261 (recognizing that district courts have inherent power to manage their dockets without being subject to noncompliant litigants).

In addition, the third factor, which considers prejudice to a defendant, favors dismissal. Defendant has filed three motions to dismiss in this case already, ECF Nos. 6, 18, 35, and plaintiff's unreasonable delay in prosecuting this action has further delayed the resolution of this case on the merits. Unreasonable delay is presumed to be prejudicial. See, e.g., In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d at 1227.

The fifth factor, which considers the availability of less drastic measures, also supports dismissal of this action. The court has already pursued remedies that are less drastic than a recommendation of dismissal, including providing plaintiff with the opportunity to remedy his failure to file an amended complaint. See Malone v. U.S. Postal Serv., 833 F.2d 128, 132 (9th

1  Cir. 1987) ("[E]xplicit discussion of alternatives is unnecessary if the district court actually tries
2  alternatives before employing the ultimate sanction of dismissal."), cert. denied, 488 U.S. 819
3  (1988).  Having failed to receive a response from plaintiff, the court finds no suitable alternative
4  to a recommendation for dismissal of this action.

5  　　　The court also recognizes the importance of giving due weight to the fourth factor, which
6  addresses the public policy favoring disposition of cases on the merits.  However, for the reasons
7  set forth above, factors one, two, three, and five strongly support a recommendation of dismissal
8  of this action, and factor four does not materially counsel otherwise.  Dismissal is proper "where
9  at least four factors support dismissal or where at least three factors 'strongly' support dismissal."
10  Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (citations and quotation marks
11  omitted).  Under the circumstances of this case, the other relevant factors outweigh the general
12  public policy favoring disposition of actions on their merits.  See Ferdik, 963 F.2d at 1263.

13  　　　Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed with
14  prejudice pursuant to Federal Rule of Civil Procedure 41(b) and 4(m) and Local Rules 110 and
15  183(a).

16  　　　These findings and recommendations are submitted to the United States District Judge
17  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen (14)
18  days after being served with these findings and recommendations, any party may file written
19  objections with the court and serve a copy on all parties.  28 U.S.C. § 636(b)(1); see also E.D.
20  Local Rule 304(b).  Such a document should be captioned "Objections to Magistrate Judge's
21  Findings and Recommendations."  Any response to the objections shall be filed with the court
22  and served on all parties within fourteen days after service of the objections.  E.D. Local Rule
23  304(d).  Failure to file objections within the specified time may waive the right to appeal the
24  District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst,
25  951 F.2d 1153, 1156-57 (9th Cir. 1991).

26  DATED: December 24, 2014

27  　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　ALLISON CLAIRE
28  　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE